**Melinda BIRT, Petitioner,**

v.

**SURFACE TRANSPORTATION BOARD, et al., Respondents,**

**Union Pacific Railroad Company and City of Nampa, Idaho, Intervenors.**

No. 95–1211.

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 1996.

Before: EDWARDS, Chief Judge, WALD, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS and TATEL, Circuit Judges.

### ORDER

PER CURIAM.

Upon consideration of petitioner's Suggestion for Rehearing *In Banc,* the response thereto, and the absence of a request by any member of the court for a vote, it is

ORDERED by the court that the suggestion be denied.

A statement of Circuit Judge SENTELLE concurring in the denial of rehearing *in banc,* joined by Circuit Judges SILBERMAN, STEPHEN F. WILLIAMS and GINSBURG, is attached.

SENTELLE, Circuit Judge, *concurring in the denial of rehearing in banc,* joined by Circuit Judges SILBERMAN, STEPHEN F. WILLIAMS and GINSBURG:

Birt seeks rehearing in banc on the ground that the panel opinion conflicts with an earlier decision of this Court, *Fritsch v. ICC,* 59 F.3d 248 (D.C.Cir.1995), *cert. denied, CSX Transp., Inc. v. Fritsch,* —— U.S. ——, 116 S.Ct. 1262, 134 L.Ed.2d 210 (1996). I agree that these decisions are in conflict. However, as a member of this Court has noted, in banc review is appropriate only in cases of "exceptional importance." *Bartlett ex rel. Neuman v. Bowen,* 824 F.2d 1240, 1246 (D.C.Cir.1987) (Silberman, J., concurring in the denial of rehearing in banc), *cert. denied, United States v. Meyer,* 485 U.S. 940, 108 S.Ct. 1121, 99 L.Ed.2d 281 (1988). In this case, the STB has issued a notice of proposed rulemaking that would require a railroad to express in writing its intent to consummate abandonment of a line. The likelihood that the proposed rule will prevent recurrence of this controversy renders this case a poor candidate for in banc review. I, therefore, join in the Court's decision to deny the request for rehearing in banc. I write separately only to explain why I find the panel's opinion and *Fritsch* irreconcilable.

The Board's jurisdiction over a line terminates once the line is abandoned. *Fritsch,* 59 F.3d at 253. The panel acknowledges that, under *Fritsch,* the line is deemed abandoned upon clear evidence of the railroad's intent to exercise an authorized abandonment. *Birt v. Surface Transp. Bd.,* 90 F.3d 580, 588 n. 15 (D.C.Cir.1996). The issue before the panel, therefore, was whether Union Pacific's conduct indicated an intent to abandon the line. Once abandonment has occurred, the Board loses its jurisdiction and is "without power to undo the abandonment." *Fritsch,* 59 F.3d at 253.

In *Fritsch*, we cited a number of actions by the railroad that signified its intent to abandon the line. We noted that the railroad had sought, and been granted, authority to abandon. *Id.* We noted that the railroad had discontinued rail service and had salvaged its track equipment. *Id.* Finally, we cited correspondence in which the railroad indicated that it had abandoned the line. *Id.*

In this case, the panel was presented with facts identical in all material particulars. As in *Fritsch*, the railroad sought and received an abandonment certificate. As in *Fritsch*, the railroad discontinued rail service and removed its equipment. As in *Fritsch*, the railroad referred to its line as "abandoned." In both cases the railroad considered a rails-to-trail conversion before consummation of abandonment. Yet, the panel attempts to distinguish the cases by finding that "clear evidence" of intent to abandon is present in one case but not the other. *Birt*, 90 F.3d at 588 n. 15. This draws a fine, indeed incomprehensible, distinction where the panel cannot identify further action required in this case—but not in *Fritsch*—to consummate abandonment. In fact, the panel cannot

identify the missing ingredient because the railroad had already taken every step required by our opinion in *Fritsch*. Therefore, as in *Fritsch*, abandonment was consummated, the Commission was without jurisdiction, and the imposition of a trail use was without effect.

As I have stated, the issue does not warrant in banc review because it is unlikely to recur. Nevertheless, the panel's disregard of a controlling precedent of this Court is troubling. It is a fundamental maxim that judges "must act alike in all cases of like nature." *Rex v. Wilkes*, 98 Eng.Rep. 327, 335 (1770). Whatever the practical effects of this opinion, litigants attempting to determine what law controls in this circuit should not be faced with irreconcilable decisions.